# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

In re: PETERS, HOKE ALVIN § Case No. 12-69948
§
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on August 07, 2012. The undersigned trustee was appointed on August 07, 2012.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of         $        5,308.00

| Funds were disbursed in the following amounts: | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 70.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1]   $ | 5,238.00 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 06/24/2013 and the deadline for filing governmental claims was 02/03/2013. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,280.80. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,280.80, for a total compensation of $1,280.80.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $74.44, for total expenses of $74.44.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 10/28/2013          By: /s/Barbara B. Stalzer, Trustee
                                 Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

Page: 1

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 12-69948  
**Case Name:** PETERS, HOKE ALVIN  

**Period Ending:** 10/28/13

**Trustee:** (300060) Barbara B. Stalzer, Trustee  
**Filed (f) or Converted (c):** 08/07/12 (f)  
**§341(a) Meeting Date:** 09/04/12  
**Claims Bar Date:** 06/24/13

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 2 Bank of America Checking Accounts | 575.00 | 0.00 | | 0.00 | FA |
| 2 | Household Goods | 200.00 | 0.00 | | 0.00 | FA |
| 3 | Clothing | 200.00 | 0.00 | | 0.00 | FA |
| 4 | Remington 1100 Shotgun 6 Sig Sauer P220 Handgun | 1,000.00 | 0.00 | | 0.00 | FA |
| 5 | Wells Fargo Stocks jointly owned with his ex-wif | 4,517.00 | 2,258.00 | | 1,983.50 | FA |
| 6 | AFLAC Stock jointly owned with ex-wife | 7,913.00 | 3,956.50 | | 3,166.50 | FA |
| 7 | Pfizer Stock jointly owned with ex-wife | 3,799.00 | 0.00 | | 0.00 | FA |
| 8 | Cisco Stock jointly owned with ex-wife | 408.00 | 204.00 | | 0.00 | FA |
| 9 | Hewlett Packard Stock jointly owned with ex-wife | 367.00 | 158.00 | | 158.00 | FA |
| 10 | Bank of America Stock jointly owned with ex-wife | 2,033.00 | 16.00 | | 0.00 | FA |
| 11 | 2002 Chevrolet Tahoe (200,002 miles. Need to rep | 7,500.00 | 0.00 | | 0.00 | FA |
| 12 | Work Tools | 800.00 | 0.00 | | 0.00 | FA |
| 13 | HVAC License | 0.00 | 0.00 | | 0.00 | FA |
| 13 | Assets   Totals (Excluding unknown values) | $29,312.00 | $6,592.50 | | $5,308.00 | $0.00 |

**Major Activities Affecting Case Closing:**

Trustee has worked out with Debtor the purchase of the non-exempt value in tostocks jointly owned with ex-wife and will be closing case shortly.

**Initial Projected Date Of Final Report (TFR):**    April 30, 2014        **Current Projected Date Of Final Report (TFR):**    December 31, 2013

Printed: 10/28/2013 04:52 PM    V.13.13

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

| Case Number: | 12-69948 | | Trustee: | Barbara B. Stalzer, Trustee (300060) |
|---|---|---|---|---|
| Case Name: | PETERS, HOKE ALVIN | | Bank Name: | Rabobank, N.A. |
| | | | Account: | ****024666 - Checking Account |
| Taxpayer ID #: | **-***9183 | | Blanket Bond: | $82,585,000.00 (per case limit) |
| Period Ending: | 10/28/13 | | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Checking Account Balance |
| 03/21/13 | | Hoke Peters | For non-exempt portion of jointly owned stock | | 5,308.00 | | 5,308.00 |
| | {5} | | Purchase of non-exempt stock      1,983.50 | 1129-000 | | | 5,308.00 |
| | {6} | | Purchase of non-exempt stock      3,166.50 | 1129-000 | | | 5,308.00 |
| | {9} | | Purchase of non-exempt stock      158.00 | 1129-000 | | | 5,308.00 |
| 03/29/13 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 5,298.00 |
| 04/30/13 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 5,288.00 |
| 05/31/13 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 5,278.00 |
| 06/28/13 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 5,268.00 |
| 07/31/13 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 5,258.00 |
| 08/30/13 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 5,248.00 |
| 09/30/13 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 5,238.00 |
| | | | **ACCOUNT TOTALS** | | 5,308.00 | 70.00 | **$5,238.00** |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | 5,308.00 | 70.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$5,308.00** | **$70.00** | |

|  |  |  |  |  |
|---|---|---|---|---|
| Net Receipts : | 5,308.00 | | | |
| Net Estate : | $5,308.00 | | | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **Checking # ****024666** | 5,308.00 | 70.00 | 5,238.00 |
| | $5,308.00 | $70.00 | $5,238.00 |

{} Asset reference(s)

Printed: 10/28/2013 04:52 PM     V.13.13

# Exhibit C

**Case: 12-69948**    **PETERS, HOKE ALVIN**

Claims Bar Date: 06/24/13

| Claim Number | Claimant Name / <Category>, Priority | Claim Type/ Date Filed | Claim Ref./ Notes | Amount Filed/ Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 1 -2 | Internal Revenue Service<br>Centralized Insolvency Oper.<br>P.O. Box 21126<br>Philadelphia, PA 19114<br><5800-00   Claims of Governmental Units>,  570 | Priority<br>03/29/13 | 2011 Tax return filed by debtor; no taxes due, so IRS will amend claim | $29,812.47<br>$0.00 | $0.00 | $0.00 |
| 4P | Georgia Department of Revenue<br>Bankruptcy Section<br>1800 Century Blvd. NE Suite 17200<br>Atlanta, GA 30345<br><5800-00   Claims of Governmental Units>,  570 | Priority<br>04/11/13 | Claim withdrawn. | $6,841.12<br>$0.00 | $0.00 | $0.00 |
| 2 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025<br><7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured<br>03/29/13 | | $15,114.34<br>$15,114.34 | $0.00 | $15,114.34 |
| 3 | BB&T Bankruptcy Dept.<br>Mailcode 100-50-01-51<br>P.O. Box 1847<br>Wilson, NC 27894<br><7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured<br>04/04/13 | | $9,093.28<br>$9,093.28 | $0.00 | $9,093.28 |
| 4U | Georgia Department of Revenue<br>Bankruptcy Section<br>1800 Century Blvd. NE Suite 17200<br>Atlanta, GA 30345<br><7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured<br>04/11/13 | claim withdrawn | $131.56<br>$0.00 | $0.00 | $0.00 |
| 5 | PYOD LLC its successors and assigns<br>c/o Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602<br><7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured<br>05/07/13 | | $971.84<br>$971.84 | $0.00 | $971.84 |
| 6 | Ashley Funding Services LLC<br>c/o Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587<br><7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured<br>05/07/13 | | $0.00<br>$0.00 | $0.00 | $0.00 |
| 7 | FIA CARD SERVICES, N.A.<br>4161 Piedmont Parkway<br>NC4 105 03 14<br>Greensboro, NC 27410<br><7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured<br>05/21/13 | | $12,313.63<br>$12,313.63 | $0.00 | $12,313.63 |

# Exhibit C

**Case:** 12-69948          **PETERS, HOKE ALVIN**

Claims Bar Date: 06/24/13

| Claim Number | Claimant Name / <Category>, Priority | Claim Type/ Date Filed | Claim Ref./ Notes | Amount Filed/ Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 8 | Capital Recovery V, LLC<br>c/o Recovery Management,Systems<br>Corporation,25 SE 2nd Avenue Suite 1120<br>Miami, FL 33131-1605<br><7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured<br>06/04/13 | | $1,289.80<br>$1,289.80 | $0.00 | $1,289.80 |
| 9 | Capital Recovery V, LLC<br>c/o Recovery Management,Systems<br>Corporation,25 SE 2nd Avenue Suite 1120<br>Miami, FL 33131-1605<br><7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured<br>06/04/13 | | $3,010.30<br>$3,010.30 | $0.00 | $3,010.30 |
| 10 | eCAST Settlement Corporation, assignee<br>of Chase Bank USA, N.A.<br>POB 29262<br>New York, NY 10087-9262<br><7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured<br>06/07/13 | | $1,225.43<br>$1,225.43 | $0.00 | $1,225.43 |
| 11 | American Express Centurion Bank<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701<br><7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured<br>06/07/13 | | $25,196.68<br>$25,196.68 | $0.00 | $25,196.68 |
| 12 | Capital One, N.A.<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Road, Suite #200<br>Tucson, AZ 85712<br><7100-00   General Unsecured § 726(a)(2)>,  610 | Unsecured<br>06/24/13 | | $1,018.53<br>$1,018.53 | $0.00 | $1,018.53 |
| | | | **Case Total:** | | **$0.00** | **$69,233.83** |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-69948
Case Name: PETERS, HOKE ALVIN
Trustee Name: Barbara B. Stalzer, Trustee

**Balance on hand:** $ 5,238.00

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 5,238.00

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Barbara B. Stalzer, Trustee | 1,280.80 | 0.00 | 1,280.80 |
| Trustee, Expenses - Barbara B. Stalzer, Trustee | 74.44 | 0.00 | 74.44 |

Total to be paid for chapter 7 administration expenses: $ 1,355.24
Remaining balance: $ 3,882.76

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 3,882.76

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 3,882.76

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

**UST Form 101-7-TFR (05/1/2011)**

Timely claims of general (unsecured) creditors totaling $ 69,233.83 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 5.6 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 2 | Discover Bank | 15,114.34 | 0.00 | 847.65 |
| 3 | BB&T Bankruptcy Dept. | 9,093.28 | 0.00 | 509.97 |
| 5 | PYOD LLC its successors and assigns | 971.84 | 0.00 | 54.50 |
| 7 | FIA CARD SERVICES, N.A. | 12,313.63 | 0.00 | 690.57 |
| 8 | Capital Recovery V, LLC | 1,289.80 | 0.00 | 72.33 |
| 9 | Capital Recovery V, LLC | 3,010.30 | 0.00 | 168.82 |
| 10 | eCAST Settlement Corporation, assignee | 1,225.43 | 0.00 | 68.72 |
| 11 | American Express Centurion Bank | 25,196.68 | 0.00 | 1,413.08 |
| 12 | Capital One, N.A. | 1,018.53 | 0.00 | 57.12 |

Total to be paid for timely general unsecured claims:  $ 3,882.76
Remaining balance:  $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| None | | | | |

Total to be paid for tardy general unsecured claims:  $ 0.00
Remaining balance:  $ 0.00

**UST Form 101-7-TFR (05/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

Total to be paid for subordinated claims: $ 0.00

Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**